IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAN SHI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:23-cv-920 |
| v. | ) |
| | ) |
| MEYERS MANAGEMENT CO., INC., JUECONG HUANG and JOHN COBBS, in his official capacity as Constable, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant Meyers Management Co., Inc.'s motion to dismiss *pro se* Plaintiff Nan Shi's amended complaint. ECF 35. In his first complaint, Mr. Shi brought one claim of trespass and one claim of intentional infliction of emotional distress against Meyers and Juecong Huang. ECF 1. Meyers moved to dismiss, and the Court granted its motion, dismissing without prejudice and with leave for Mr. Shi to amend his complaint to include "additional allegations and evidence of his alleged domicile, his legal right to be present on the property, and additional facts to support the high standard for a claim for intentional infliction of emotional distress." ECF 30. Mr. Shi filed his amended complaint on September 1, 2023, alleging one count of violation of the Fourteenth Amendment under Section 1983 against Defendant Constable John Cobbs and one count for intentional infliction of emotional distress against Meyers and Mr. Huang. ECF 33. Mr. Shi seeks $100,000 in damages from Mr. Huang, $500,000 plus punitive damages from Meyers, and $20,000 in damages from Constable Cobbs. *Id.*

Meyers moves to dismiss the amended complaint, arguing that: (1) the Court does not have jurisdiction; and (2) Mr. Shi has failed to state a claim. ECF 35.

Under the familiar Rule 12 standard, the Court must accept all factual allegations in the complaint as true. *Murray v. Capio Partners*, No. 23-842, 2023 WL 4956443, at *2 (W.D. Pa. Aug. 3, 2023) (Horan, J.). The plaintiff must plead facts to state a claim for relief that is plausible on its face. *Id.* Even accepting all the factual allegations as true and construing them liberally given Mr. Shi's *pro se* status, Mr. Shi has failed to state a plausible claim for relief.

## I. The Court has jurisdiction.

Meyers first challenges whether this Court has jurisdiction. Mr. Shi's first complaint alleged only state-law claims. ECF 1. Thus, the only basis for federal jurisdiction at that time was diversity of citizenship. 28 U.S.C. § 1332. This Court found that Mr. Shi did not adequately allege diversity of citizenship in his first complaint. ECF 30. However, Mr. Shi's Section 1983 claim in his amended complaint now creates federal-question jurisdiction, 28 U.S.C. § 1331, and allows the Court to exercise supplemental jurisdiction over Mr. Shi's state-law claims because they "form part of the same case or controversy[.]" 28 U.S.C. § 1376. Thus, Meyers's argument that the amended complaint must be dismissed for lack of jurisdiction fails. The Court therefore can consider the merits of the claims.

## II. Mr. Shi has failed to state a claim for trespass and intentional infliction of emotional distress.

### A. Trespass

Mr. Shi brought a trespass claim in his original complaint, but failed to include it in the amended complaint. Out of an abundance of caution, the Court construes that as an oversight, and will address the trespass claim.

"Under Pennsylvania law, a trespass is defined as an unprivileged, intentional intrusion upon land in possession of another." *Graham Oil Co. v. BP Oil Co.*, 885 F. Supp. 716, 725 (W.D. Pa. 1994) (Bloch, J.). "In order to maintain a trespass action, a

plaintiff must have had the right to exclusive use and possession of the property at issue." *Id.*

Here, Mr. Shi has not alleged sufficient facts to show that he had the right to exclusive use and possession of the apartment. In fact, Mr. Shi states in his complaint that Juecong Huang "change[d] his mind" and no longer wanted to sublet the apartment to Mr. Shi, ECF 33, p. 3, indicating that Mr. Shi had no possessory interest in the apartment at the time of the alleged trespass. For this reason, his claim is legally deficient.

### B. Intentional infliction of emotional distress

Mr. Shi's intentional infliction of emotional distress claim against Meyers also fails to state a plausible claim. "Pennsylvania courts recognize a tort for intentional infliction of emotional distress. To recover for intentional infliction of emotional distress, a plaintiff must show: (1) extreme and outrageous conduct; (2) that was either intentional or reckless; (3) which caused emotional distress; and (4) that the emotional distress must be severe." *Martin-McFarlane v. City of Philadelphia*, 299 F. Supp. 3d 658, 671 (E.D. Pa. 2017).

"As a matter of law, outrageousness occurs only when the case is one in which the recitation of the facts to an average member of the community would arouse resentment against the actor, and lead him to exclaim, 'outrageous.' Courts have limited outrageous conduct to that which goes beyond all possible bounds of decency, and is regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (cleaned up).

Here, Mr. Shi alleges that: (1) people knocked on his door at around 11 a.m. in the morning; (2) he didn't understand what they were saying and refused to let them into the apartment; (3) the people used "power drills, chainsaw, and [a] big hammer" to break into the apartment; and (4) Mr. Shi was "disabled and in great fear" and

unable to move when the people, who he identifies as Juecong Huang and staff from Meyers, entered the apartment. ECF 33, p. 3.

While the Court accepts that Mr. Shi suffered distress from these events, these events do not rise to the very high level of outrageousness to state a claim for intentional infliction of emotional distress. Examples where conduct rises to that level "include a driver fatally striking plaintiff's son and, without notifying the authorities, burying the body in a field; defendants intentionally falsifying records to implicate plaintiff in a homicide for which plaintiff later went to jail; and a doctor telling the press that plaintiff was suffering from a fatal disease when the doctor knew that information was false." *Brown v. Udren L. Offs. PC*, No. 11-2697, 2011 WL 4011411, at *4 (E.D. Pa. Sept. 9, 2011) (cleaned up). Mr. Shi's claim here doesn't reach the sort of high level as illustrated by these cases.

- 5 -

* * *

For the above reasons, the Court finds that Mr. Shi's complaint does not set forth any plausible claims for relief against Meyers. Further, the Court finds that amendment here would be futile. Mr. Shi already had a chance to amend. And nothing in his amended complaint reflects any sort of lack of clarity that could be fixed by additional factual allegations. *Murray*, 2023 WL 4956443, at *5 (finding amendment futile because the complaint provided no basis to conclude that the plaintiff could sufficiently allege her claim). So, no leave to amend shall be given, and the Court hereby **GRANTS** Meyers Management Co., Inc.'s motion to dismiss (ECF 35). Mr. Shi's amended complaint (ECF 33) is **DISMISSED WITH PREJUDICE** as to Meyers Management Co., Inc. The Court instructs the Clerk of this Court to terminate this action as to Meyers Management Co., Inc.

Date: January 10, 2024

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

CC: Nan Shi
147 N. Craig St.
Pittsburgh, PA 15213